ENTERED
04/28/2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NADOWESSIOUX PROPERTIES, LTD. | § § | CASE NO. 10-41418-H5-11 |
| DEBTOR. | § § § | CHAPTER 11 |

### ORDER CONFIRMING FIRST AMENDED
### LIQUIDATING PLAN OF REORGANIZATION

On January 12, 2011, Debtor Nadowessioux Properties, Ltd. ("Nadowessioux" or the "Debtor"), as debtor-in-possession, filed its Chapter 11 Plan of Liquidation (Doc. 40). On January 25, 2011, Debtor filed its Disclosure Statement (Doc. 67). On February 16, 2011, Debtor filed its First Amended Disclosure Statement ("Disclosure Statement") (Doc.98). On February 23, 2011, the Debtor filed a Second Amended Disclosure Statement (Doc. 106). The Court set a confirmation hearing on April 13, 2011. The Debtor and its counsel appeared at the confirmation hearing at which the Court heard testimony and arguments of counsel and considered the evidence. After considering the foregoing, the ballots, the single objection filed to confirmation of the Plan, the evidence and testimony, and the arguments of counsel:

**THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:**

### I. Background

1.   The above captioned Chapter 11 bankruptcy case was filed on December 15, 2010 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"). The Debtor continued to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over the subject matter of the Debtor's Chapter 11 case pursuant to 28 U.S.C. §1334. The hearing on the confirmation of the Plan and the transactions and matters set forth therein is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H), (I), (J), (L), (M) and (O). The statutory predicates for confirmation of the Plan, and approval of the transactions and matters set forth therein, are 11 U.S.C. §§ 1121-1142.

3. The Plan contemplates liquidation of the Debtor through the sale of substantially all of its assets with revenue derived from the sale to be utilized to fund payments under the Plan.

4. On December 30, 2010, the Debtor filed its Motion for Approval of (1) Sale Documents, and (2) Sale of Jackson, Wyoming Real Estate Free and Clear of Liens, Claims, Interests, and Encumbrances (Doc. 13) (hereinafter the "Sale Motion").

5. On January 3, 2011, the Court entered an order setting the Sale Motion for a hearing on January 26, 2011.

6. On January 26, 2011, the Court entered an order approving the Sale Motion.

7. On February 3, 2011, the sale contemplated within the Sale Motion closed.

8. Pursuant to the order approving the Sale Motion, on or about February 8, 2011 the net proceeds generated by such sale (after payment of a mortgage in favor of First Interstate Bank, taxes, broker fees, and other closing costs) of $1,088,970.83 was deposited within the registry of the Court.

9. The Second Amended Disclosure Statement referring to the Plan was approved by the Court on February 23, 2011 ("Order Approving Second Amended

Disclosure Statement") (Doc. 107).

10.     On March 1, 2011, the Debtor served (i) the Plan, (ii) the Second Amended Disclosure Statement, (iii) the Order Approving the Disclosure Statement, Setting Deadlines for Voting, and Objections and Setting Confirmation Hearing, and (iv) Ballot with which to vote on the Chapter 11 Plan on all creditors, the US Trustee, and parties in interest (Doc. 112).

11.     The Court finds that notice of the matters described in paragraphs 4 through 10 to the creditors and parties in interest of the Debtor was adequate and appropriate.

12.     The Plan separates Claims into four classes and Interests into one class. The treatment of each class varies as set forth in the Plan.

## II.     Votes, Objections, and Resolutions

13.     Class 1 Claims consist of the Allowed Secured Claims of Taxing Authorities. The Plan provides that the Class 1 Claims shall be paid at the closing on the sale contemplated in the Sale Motion. The Class 1 Claims are unimpaired and did not object to confirmation.

14.     Class 2 consists of the Allowed Secured Claim of First Interstate Bank ("FIB"). The Class 2 Allowed Secured Claim was paid in full at the closing contemplated in the Sale Motion. If there is a dispute regarding the amount of the Class 2 Allowed Secured Claim, Debtor shall file an objection thereto. If the Debtor is successful in prosecuting the objection, FIB shall refund to the Debtor the excess payment for distribution hereunder to other Creditors. The Class 2 Claim is unimpaired and did not object to the Plan.

15. Class 3 consists of Allowed Secured Claims (other than the Secured Claim of FIB). The disbursing agent designated in the Plan shall, on the later of fourteen (14) Business Days after a Final Order allowing any Class 3 Secured Claim or fourteen (14) business days after the Effective Date, pay the value of said Allowed Secured Claim, in full and final satisfaction, release, and discharge of said Allowed Secured Claim. The Class 3 Claim is unimpaired.

16. Class 4 consists of Allowed General Unsecured Claims. Only after payment in full of all Administrative and Priority Claims, and payment of claims in Class 1, 2, and 3, holders of such Allowed General Unsecured Claims shall receive, on the later of fourteen (14) business days after the Effective Date or fourteen (14) business days after such Claims become Allowed Claims, pro rata distributions on account of such Claims from the remaining balance of the net sale proceeds (described above in paragraph 8) until such Claims are paid in full without interest. The Class 4 Claims are impaired.

17. Class 5 consists of Charles Haden, Shelley Haden, and Shoshoni LLC, the Allowed Equity Interests of the limited partnership. They shall receive the net sales proceeds (described above in paragraph 8) and other cash remaining after payment of Classes 1 through 4 of Claims within fourteen (14) business days after all payments are made on account of Allowed General Unsecured Claims. To the extent that a creditor of Charles Haden establishes a legal right to a portion of the distributions due Charles Haden; the Disbursing Agent shall make such distributions to such creditor. All Class 4 Equity Holders voted to accept the Plan.

18. The Debtor received one objection to confirmation of the Plan, an objection filed by Bontecou Construction, Inc. (Doc. 127).

19. The Court finds that the Debtor has satisfied the applicable provisions of 11 U.S.C. §1129(a).

20. The Court finds that the Debtor has complied with all applicable provisions of the Bankruptcy Code.

21. The Court finds that the Plan has been proposed in good faith and not by any means forbidden by law.

### IIII. Order

It is therefore **ORDERED** that:

22. The above findings are incorporated herein and made the order of the Court.

23. The terms of the Plan are appropriate and approved, as provided for herein.

24. The time limits provided for in the Plan are appropriate and approved.

25. The Plan is confirmed. A Copy of the Plan is attached hereto as Exhibit "A."

26. Pursuant to Article 3.1 of the Plan, any holder of an Administrative Claim against the Debtor, except the U.S. Trustee with respect to quarterly fees and for expenses incurred in the ordinary course of operating the Debtor's business, shall file proof of such Claim or application for payment of such Administrative Claim on or within thirty (30) days after entry of this Order, with actual service upon counsel for the Debtor or such Holder's Administrative Claim will be forever barred and extinguished

851088/00004/00002091.DOCX 1

and such Holder shall, with respect to any such Administrative Claim be entitled to no distribution and no further notices. All pre-confirmation U.S. Trustee fees due as of the Effective Date shall be paid when due within thirty (30) days after the Effective Date. The Debtor, through the Disbursing Agent shall timely pay post-confirmation fees owed to the United States Trustee and assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this Chapter 11 case. After confirmation, the Disbursing Agent shall file with the Bankruptcy Court and shall transmit to the United States Trustee a true and correct statement of all disbursements made by the Disbursing Agent for each quarter, or portion thereof, that this Chapter 11 case remains open in a format prescribed by the United States Trustee.

27. The respective affiliates, officers, directors, limited partners, general partners, representatives, attorneys, financial advisors, and agents of the Debtor, have acted in good faith, and each of those parties are hereby forever released from and shall not be liable to any holder of a Claim, or other party with respect to any action, forbearance from action, decision, or exercise of discretion taken from the Petition Date to the Effective Date in connection with (i) the operation of the Debtor; (ii) the proposal or implementation of any of the transactions provided for, or contemplated in, the Plan or the Plan Documents.

28. Pursuant to Section 14.5 of the Plan, all officers, directors, Insider Released Parties and professionals of the Debtor are hereby released from any and all causes of action held by the Debtor. All rights of the holders of claims or interests of all classes under the Plan, including, without limitation, the right to receive distributions on account of such Claims or interests, shall hereinafter be limited solely to the right to

851088/00004/00002091.DOCX 1

receive such distributions exclusively as provided in the Plan, and, to the extent applicable, the provisions of this Order. After the date hereof, the holders of such claims or interests shall have no other or further rights against the Debtor, except as provided for in the Plan and this Order.

29. The Debtor and the Disbursing Agent are hereby authorized and empowered pursuant to Section 1142(b) of the Bankruptcy Code to issue, execute, deliver, file or record any documents, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan, and the matters contemplated by this Order Confirming Plan, in accordance with their respective terms, whether or not specifically referred to in the Plan or any exhibit thereto and without further application to or order of this Court, including the liquidation and dissolution of Nadowessioux Properties Ltd., pursuant to the requirements of the Texas Business Organizations Code or other applicable non-bankruptcy law. To the extent the Plan provides for a creditor to release a Lien, Claim, Encumbrance or Interest, such creditor shall execute a release of any such Lien, Claim, Encumbrance or Interest at the request of the Disbursing Agent.

30. Pursuant to 11 U.S.C. § 1141(a), the provisions of the Plan are binding on all parties, including, but not limited to, creditors and equity security holders of the Debtors whether or not any such creditors or equity holders have accepted the Plan or have filed a proof of claim.

    a. Nothing in the Plan or in this Order Confirming the Plan shall have a preclusive effect (res judicata, collateral estoppel, or otherwise) on the amount or validity of the proof of claim filed by Bontecou Construction, Inc. in this bankruptcy case.

b. Notwithstanding the provisions of paragraphs 28 and 29, above, nothing herein shall (i) release any claims, if any, held by Bontecou Construction, Inc. or Steven Bontecou against Charles Haden, Shelley Haden and/or Shoshoni LLC which claims are not derivative claims owned solely by the Debtor or (ii) determine the merit of any claim against the bankruptcy estate held by Bontecou Construction, Inc. and/or Steve Bontecou to the extent that such claim arises out of the construction of the asset transferred under the Sale Motion.

31. The failure specifically to include any particular provisions of the Plan in this Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the Plan be authorized and approved in its entirety.

32. So long as such amendments or modifications do not materially affect the interests of creditors or the interest holders, the proponent of the Plan may propose amendments or modifications to the Plan after the entry of this Order, subject to, upon notice and hearing, the approval of this Court, in order to remedy any defect or omission, or reconcile any inconsistencies in the Plan or in this Order, as may be necessary to carry out the purpose and intent of the Plan.

33. After the entry of this order, pleadings shall only be served upon the United States Trustee, and any party directly affected by the pleading and its counsel, if known (*i.e.*, claims objections need only be served upon the person who filed the claim that is subject to the objection, its counsel, if known, and the United States Trustee).

34. The reversal or modification of this Order on appeal will not affect the acts taken pursuant to the Plan, or any other agreement, document, instrument or action

authorized by this Order or under the Plan as to the Debtor or any other person acting in good faith, whether or not such person knows of the appeal, unless this Order is stayed pending appeal.

35. This Court retains jurisdiction (i) to enforce and implement the terms and provisions of the Plan and this Order, all amendments thereto, any waivers and consents herein provided, and any agreements executed in connection herewith, (ii) to resolve any disputes arising under or related to this Order or the Plan, and (iii) to interpret, implement and enforce the provisions of this Order.

SIGNED: April 28, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

HOOVER SLOVACEK LLP

By: /s/ Annie E. Catmull
_____

ANNIE E. CATMULL
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: (713) 977-8686
Facsimile: (713) 735-4135
ATTORNEYS FOR DEBTOR


HUGHES WATTERS ASKANASE LLP

By: /s/ David Askanase (by permission)
_____

DAVID ASKANASE
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818

851088/00004/00002091.DOCX 1

Facsimile: (713) 759-6834
ATTORNEYS FOR BONTECOU CONSTRUCTION, INC.